JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV19-01914JVS(KESx) | Date | 8/17/20 |
| Title | Adam Ghadiri v. Tops Auto Supply Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** Minute Order Regarding Motion for Entry of Default Judgment

    Plaintiff Adam Ghadiri ("Ghadiri") moves for the entry of default judgment against Defendants Tops Auto Supply, Inc. ("Tops"), Pardo Silvestri ("Silvestri"), and Acreage Dows ("Dows") (collectively, "Defendants"). Mot., ECF No. 41.

    For the following reasons, the Court **GRANTS** the motion. The Court finds that oral argument would not be helpful in this matter and vacates the August 24, 2020 hearing. Fed. R. Civ. P. 78; Local Rule 7-15.

## I. Background

    On October 4, 2019, Ghadiri filed this action against Defendants alleging: (1) a violation of the Americans with Disabilities Act of 1990; (2) a violation of the Unruh Civil Rights Act; and (3) negligence. Compl., ECF No. 1 ¶¶ 12-19. The Complaint alleges that on or about August 2019, Ghadiri visited Tops and upon entering the lot, noticed that there was a handicap space, but "no signs posted to indicate the location of reserved handicap parking." Id. ¶ 9. During such time a non-handicapped person was parked in the designated parking space thereby denying Ghadiri, a disabled person, full and equal access to the business. Id. Additionally, Tops did not have a ramp that led into the building. Id. ¶ 10.

    The Clerk entered a Default against Defendants on November 27, 2019. ECF No. 24. The Court previously denied Ghadiri's Motion for Default Judgment on January 22, 2020 and May 27, 2020 for failing to satisfy Local Rule 55-1. See ECF No. 28, 39.

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV19-01914JVS(KESx) | Date | 8/17/20 |
| Title | Adam Ghadiri v. Tops Auto Supply Inc. et al | | |

## II. Legal Standard

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

### 1. Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative", (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

### 2. Substantive Requirements

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. Discussion

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV19-01914JVS(KESx)    Date  8/17/20

Title  Adam Ghadiri v. Tops Auto Supply Inc. et al

### A.  **Default Judgment**

####  1.  Procedural Requirements

As a threshold issue, Ghadiri satisfies Local Rule 55-1. Local Rule 55-1 requires that an application for default judgment be accompanied by a declaration including the following information: "(a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person . . .; (d) that the Servicemembers Civil Relief Act (50 U.S.C.A § 3931) does not apply; and (e) that notice has been served on the defaulting party, if required by F. R. Civ. P. 55(b)(2)."

Ghadiri has filed a declaration in support of his motion that states that Defendants have failed to respond to the Complaint, that default was entered against Defendants,[1] that Defendants are not incompetent persons or infants, and that the Servicemembers Civil Relief Act does not apply. See Ghadiri Decl., ECF No. 41. Defendants have not appeared in this action and therefore, Ghadiri was not required to serve him with notice of his motion.

####  2.  Substantive Requirements

##### *(A)  Possibility of Prejudice to Plaintiff*

The first factor favors default judgment because Ghadiri has expended effort and incurred costs and fees in prosecuting this action. The Court entered default against Defendants in November 2019, and Defendants have continued to be nonresponsive since the entering of default. As such, the Court finds that the first Eitel factor favors default judgment.

---

[1] The Clerk entered default against Dows on November 15, 2019, against Silvestri on November 18, 2019, and then against all Defendants on November 27, 2019. See ECF Nos. 16, 20, 24.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV19-01914JVS(KESx) | Date | 8/17/20 |
| Title | Adam Ghadiri v. Tops Auto Supply Inc. et al | | |

     *(B)    Substantive Merits and Sufficiency of the Complaint*

     Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498–99 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)).

     Title III of the ADA prohibits a place of public accommodation from discriminating against disabled individuals:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). To prevail on his Title III discrimination claim, Ghadiri must show that (1) he is disabled within the meaning of the ADA; (2) Defendants own or operate a place of public accommodation; and (3) Defendants denied Ghadiri public accommodation because of his disability. See Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Similarly, a claim under the Unruh Act requires that Ghadiri demonstrate he was disabled within the meaning of the statute. See Goldman v. Standard Ins. Co., 341 F.3d 1023, 1027 (9th Cir. 2003). But "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act." Molski, 481 F.3d at 731 (citing Cal. Civ. Code § 51(f)).

     Ghadiri suffers from severe arthritis and has been diagnosed with spinal stenosis and myelopathy. Compl., ¶ 1. Ghadiri has difficulty walking and utilizes a cane for short distances and a wheelchair for long distance mobility. Id. He displays a handicap parking placard on his vehicle and drives for business activities and household errands. Id. Ghadiri is therefore a member of a protected class of disabled persons under the ADA and the Unruh Act. See 42 U.S.C. §§ 12102(1),(2); Cal. Civ. Code § 51(e)(1); Cal. Gov. Code § 12926(m). Ghadiri adequately pleads that Defendants have owned, leased, leased to, and/or operated the Property, and that the Property is a place of public

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV19-01914JVS(KESx) | Date | 8/17/20 |
|---|---|---|---|
| Title | Adam Ghadiri v. Tops Auto Supply Inc. et al | | |

accommodation. Compl., ECF No. 1 ¶¶ 2-5, 13; 42 U.S.C. § 12181(7)(B).

Ghadiri also adequately pleads that Defendants denied Ghadiri public accommodation because the handicap space at Tops did not have signs posted to indicate that it was reserved for handicap parking and because Tops did not have an accessible ramp that led into the building. Compl., ¶¶ 9-10. Without a ramp and a sign designating an accessible parking space, Defendants have failed to remove barriers in violation of the ADA. See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) ("The [ADA Accessibility Guidelines ("ADAAG")] provides the objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations."); ADAAG §§ 4.1.3 (requiring an accessible route to enter building), 4.6.4 (requiring that accessible parking spaces be designated as reserved with a sign). By not responding to Ghadiri's complaint, Defendants also waived the affirmative defense that removing the barriers is not "readily achievable." See Wilson v. Haria & Gogri Corp., 479 F. Supp. 2d 1127, 1133 n.7 (E.D. Cal. 2007). Accordingly, Ghadiri has stated a claim upon which he can recover under both the ADA and Unruh Act.

"Under California law, negligence may be presumed if a plaintiff establishes the following elements: (1) the defendant violated a statute of a public entity; (2) the violation was the proximate cause of the plaintiff's injury; (3) the injury resulted from an occurrence the nature of which the statute was designed to prevent; and (4) the plaintiff suffering the injury was among the class of persons for whose protection the statute was adopted." Saylor v. Zeenat, Inc., No. CIV.S02-863WBS/DAD, 2002 WL 33928621, at *2 (E.D. Cal. Aug. 13, 2002) (citing Galvez v. Frields, 88 Cal.App.4th 1410, 1420 (2001)). Here, Ghadiri has adequately alleged that Defendants violated the ADA, the violation caused Ghadiri to be unable to visit the property; the injury is one the ADA was designed to prevent; and that Ghadiri is among the class of persons for whose protection the ADA was adopted. Accordingly, Ghadiri has stated a claim upon which he can recover for negligence.

Therefore, the second and third Eitel factors therefore weigh in favor of a default judgment.

   *(C) Remaining Four Factors*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV19-01914JVS(KESx)                              Date   8/17/20

Title   Adam Ghadiri v. Tops Auto Supply Inc. et al

     For the fourth factor, the amount of money at stake is reasonable because Ghadiri seeks a single statutory minimum penalty assessment of $4,000 as well as attorney's fees and costs.  See Compl. at 6; Mot., 5.  The fifth factor also weighs in favor of default judgment because "[u]pon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true."  PepsiCo, 238 F. Supp. 2d at 1175.  Therefore, no disputes of fact preclude granting the motion.  Although Defendants have not answered or taken any action whatsoever in this case, the sixth factor also weighs in favor of default judgment.  Ghadiri properly served Defendants with the summons and complaint.  Given the multiple notices delivered to Defendants regarding this action and the period of time that has elapsed since Ghadiri filed the complaint, the possibility of excusable neglect is remote.  See, e.g., Philip Morris, 219 F.R.D. at 500–01.  Only the seventh factor, the strong policy favoring decisions on the merits, weighs against entry of a default judgment.  This factor alone is insufficient to counterbalance the other factors in this case.  See PepsiCo, 238 F. Supp. 2d at 1177.

     Accordingly, the Eitel factors favor the entry of a default judgment against Defendants on the ADA and Unruh Act claims.

     **B.**    **Relief Sought**

     Ghadiri seeks the minimum statutory damages of $4,000 pursuant to the Unruh Act; reasonable attorney's fees and costs; and an injunction ordering Defendants to comply with the ADA and the Unruh Act.

          1.    Damages

     Monetary damages are not available under the ADA.  See Blackwell v. Foley, 724 F. Supp. 2d 1068, 1073, 1076 (N.D. Cal. 2010).  However, section 52(a) of the California Civil Code permits the award of up to treble actual damages for any Unruh Act violation, and it fixes a statutory minimum of $4,000 per violation.  Cal. Civ. Code § 52(a).  Defendants denied Ghadiri the full and equal enjoyment of the property's premises.  Subject to the order to show cause set forth below, the Courts holds in abeyance any award of damages under the Unruh Act.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV19-01914JVS(KESx)                                Date   8/17/20

Title   Adam Ghadiri v. Tops Auto Supply Inc. et al

    2.    <u>Attorneys' Fees</u>

Ghadiri seeks recovery of reasonable attorney's fees. Mot., 5. Local Rule 55-3 provides that attorneys' fees shall be calculated with reference to a schedule for fees in default judgments. L.R. 55-3. When the amount of judgment is between $1,000.01 and $10,000, the attorney's fee award is $300 plus 10% of the amount over $1,000. However, Local Rule 55-3 also provides that "an attorney claiming a fee in excess of this schedule may file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court. The Court shall hear the request and render judgment for such fee as the Court may deem reasonable." <u>Id.</u>

Here, Ghadiri gives no indication that he seeks an amount of attorneys' fees in excess of what is provided in the local rules given that both the motion and the complaint seek only "reasonable attorneys fees." Accordingly, the Court **awards Ghadiri $600** ($300 plus 10% of the amount over $1,000) in attorneys fees.

    3.    <u>Costs</u>

Pursuant to Local Rule 54-1, Ghadiri seeks an award of costs. Mot., 5. Local Rule 54-1 provides that the "prevailing party," the party in whose favor judgment is rendered, is entitled to costs pursuant to Federal Rule of Civil Procedure 54(d). L.R. 54-1. While Ghadiri is entitled to costs as the prevailing party, he provides no information as to what costs he has expended. **Within ten days**, Ghadiri shall submit information sufficient for the Court to make an award for costs.

    4.    <u>Injunctive Relief</u>

Ghadiri also seeks a permanent injunction against Defendants. Compl., 6. Federal regulations provide that when a public accommodation fails to remove an architectural barrier in violation of the ADA, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the [ADA]." <u>See</u> 28 C.F.R. §§ 36.304, 36.501. A plaintiff seeking permanent injunctive relief must demonstrate:

    (1) that it has suffered an irreparable injury; (2) that remedies

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV19-01914JVS(KESx) | Date | 8/17/20 |
|---|---|---|---|

| Title | Adam Ghadiri v. Tops Auto Supply Inc. et al |
|---|---|

available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). The Court concludes that Ghadiri is entitled to injunctive relief. As set forth above, the Court has found Defendants liable for violating the ADA and the Unruh Act. Supra Section III.2.(B). Ghadiri has demonstrated that he suffered irreparable harm. Compl., ¶¶ 9-11. Additionally, monetary compensation is inadequate because such damages are unavailable under the ADA and the "primary purpose of a lawsuit to enforce ADA Title III is to obtain injunctive relief." Blackwell, 724 F. Supp. 2d at 1076–77. Given that Ghadiri wants to return to the property (Compl., ¶ 11), Defendants' lack of response to this litigation indicates that only a permanent injunction would allow him to pursue that desire. An injunction would pose little additional hardship to Defendants because it would simply require them to make required adjustments to the property's existing parking spaces. Moreover, the public interest would certainly be served by handicap signage designating the handicap accessible spot is reserved and an accessible ramp providing access to the property.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion. Ghadiri is awarded $600 in attorneys fees, and a permanent injunction against Defendants. Within ten days, Ghadiri shall submit information sufficient for the Court to make an award for costs. Ghadiri shall also show cause within ten days why the Court should not decline to exercise supplemental jurisdiction over the state claim. The Court holds the award of damages under the Unruh Act in abeyance. Pursuant to 28 U.S.C. § 1367(c)(4), the Court believes it should decline to exercise supplemental jurisdiction in light of California's recent legislation regulating the filing of claims under California Civil Code §§ 51 *et seq.* which evidences a special state interest in such cases. Schutza v. Cuddeback, 262 F. Supp. 3d 1025 (S.D. Cal. 2017); Arroyo v. Kazamo, LLC, Case No. CV 19-2720 PA (MRWx), Central District of California, Aug. 5, 2019.

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV19-01914JVS(KESx)            Date  8/17/20

Title   Adam Ghadiri v. Tops Auto Supply Inc. et al

**IT IS SO ORDERED.**

                                                                      :      0

                                        Initials of Preparer     lmb